1

HONORABLE RONALD B. LEIGHTON

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

9

10

ANTIONETTE MORTA,

Case No. C05-5261 RBL

11

Plaintiff,

12

v.

ORDER GRANTING
MOTION FOR SUMMARY JUDGMENT

13

CAMAS SCHOOL DISTRICT #117,
ALBERT DAVIDIAN, in his official capacity
as Superintendent, and DOES 1-10, inclusive,

14

15

Defendants.

16

17

        THIS MATTER comes on before the above-entitled Court upon Defendants' Motion for Summary

18

Judgment [Dkt. #10].

19

        Having considered the entirety of the records and file herein, the Court rules as follows:

20

        Defendants, Camas School District No. 117 and Superintendent Albert Davidian, move this Court to

21

dismiss Antoinette Morta's complaint pursuant to Fed. R. Civ. P. 56 because plaintiff (1) failed to file a valid

22

tort claim under RCW 4.96.020(3)[1] and .020(4); and (2) failed to follow the mandatory grievance procedure

23

24

25

26

27

28

        [1]RCW 4.96.020(3) provides: All claims for damages arising out of tortious conduct must locate and describe the conduct
and circumstances which brought about the injury or damage, describe the injury or damage, state the time and place the injury
or damage occurred, state the names of all persons involved, if known, and shall contain the amount of damages claimed, together
with a statement of the actual residence of the claimant at the time of presenting and filing the claim and for a period of six
months immediately prior to the time the claim arose.  If the claimant is incapacitated from verifying, presenting, and filing the
claim in the time prescribed or if the claimant is a minor, or is a nonresident of the state absent therefrom during the time within
which the claim is required to be filed, the claim may be verified, presented, and filed on behalf of the claimant by any relative,
attorney, or agent representing the claimant.

        Because of the Court's ruling on the 60-day requirement, the Court will not address defendants' arguments on this issue.

1    under the CBA which culminates in arbitration.[2]

2         The plaintiff notified defendant Camas School District by letter dated February 3, 2005, verified on

3    February 8, 2005, and received by the District on February 10, 2005, that she was being discriminated against

4    by the District on account of her race.  Decl. of Mary Betker, Exh. 2, 3.  Plaintiff's complaint was date stamped

5    by the Clerk of this Court on April 8, 2005 and scanned into the Court's ECF system and posted on April 13,

6    2005.  See Decl. of Michael A. Patterson, Exh. 1; Dkt. #1.  Thus, the two relevant dates are February 10, 2005

7    and April 8, 2005.[3]  In order for plaintiff to pursue her claims in court, she must wait to file her complaint "until

8    sixty days have elapsed after the claim has first been presented to and filed with the governing body" she is

9    suing.  RCW 4.96.020(4).  The sixty-day clock begins to run on the next day after notice has been presented.

10   *Troxell v. Rainier Public School District #307*, 154 Wn.2d 345, 353 (2005).  The statutory waiting period

11   must be "strictly" complied with.  *Id*. at 360; *Medina v. Public Utility District No. 1 of Benton County*, 147

12   Wn.2d 303, 316-18 (2002).  It may appear to any reader of this Order, as it appears to the Court, that the strict

13   application of the statutory sixty-day rule is overly harsh.  However, Washington state courts have consistently

14   applied this strict application of the rule and this Court is compelled to bide by the Washington courts'

15   interpretation of Washington law.

16        Here, plaintiff gave notice to defendants on February 10, 2005 and filed her complaint on April 8, 2005.

17   Only 56 days elapsed between the notice and the filing of the complaint.  Therefore, it is hereby

18        **ORDERED** that Defendants' Motion for Summary Judgment [Dkt. #10] is **GRANTED.**  This case

19   is **DISMISSED.**

20

21

22

23   _____

24

25        [2]Because of the Court's ruling dismissing this action based on the failure of plaintiff to wait 60 days before commencing
     suit, the Court will not rule on defendants' motion on this issue.  However, a review of the federal case law beginning with *Gilmer

26   v. Interstate/Johnson Lane Corp.*, 500 U.S. 20 (1991) indicates to the Court that the defendants' arguments on this issue
     have merit.

27

28        [3]The rules for electronic filing in this Court provide that: "A document filed with the court in paper form is deemed filed
     when it is date-stamped by the Clerk's Office."  *United States District Court, Western District of Washington Electronic Filing
     Procedures for Civil and Criminal Cases* § I B.

1    The Clerk shall send uncertified copies of this order to all counsel of record, and to any party appearing

2    pro se.

3    Dated this 12th day of October, 2005.

4

5    _____

6    RONALD B. LEIGHTON
     UNITED STATES DISTRICT JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ORDER
Page - 3